UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH JACKSON, 226231,

    Petitioner,                                      Civil Action No. 18-CV-11940

                                                    HON. BERNARD A. FRIEDMAN

vs.

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

        This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted of carrying a concealed weapon ("CCW"), being a felon in possession of a firearm, and possessing a firearm during the commission of a felony ("felony firearm"), third offense, after a jury trial in Oakland County Circuit Court. He was sentenced in 2015 to concurrent terms of 7 months to 20 years imprisonment on the CCW and felon in possession convictions and a consecutive term of 10 years imprisonment on the felony firearm conviction. Petitioner raises claims concerning the trial court's denial of a motion to suppress evidence, the effectiveness of trial counsel for failing to properly prepare for the suppression hearing, and his due process right to litigate his claims in the appellate courts. For the reasons stated below, the Court shall dismiss the petitioner without prejudice. The Court shall also deny a certificate of appealability and leave to proceed on appeal in forma pauperis.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, the claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In Michigan, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record before the Court indicates that petitioner raised his suppression claim before the Michigan Court of Appeals and the Michigan Supreme Court, but he did not raise the same ineffective assistance of counsel claim in the Michigan Court of Appeals and he did not raise his due process claim in the Michigan Court of Appeals. *See People v. Jackson*, No. 330429, 2017 WL 2704913 (Mich. Ct. App. June 22, 2017) (unpublished). It is unclear if the petitioner raised those two specific claims in the Michigan Supreme Court. However, even assuming that he did so, he has not met the exhaustion requirement. Presenting new issues for the first time before a state supreme court on discretionary review does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner thus fails to demonstrate that he properly exhausted all of his claims in the state courts before seeking federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that

is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In the present case, petitioner does not request a stay, nor does he show the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for petitioner as long as he pursues his state court remedies promptly. The Michigan Supreme Court denied leave to appeal on January 3, 2018, *People v Jackson*, 501 Mich. 952, 904 N.W.2d 845 (2018), and denied reconsideration on May 1, 2018. *People v. Jackson*, 501 Mich. 1063, 910 N.W.2d 271 (2018). The one-year limitations period does not begin to run until 90 days later, *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about July 30, 2018. Thus, the one-year limitations period has not yet begun to run. While the time in which a habeas case is pending in federal court is not statutorily tolled, such time is equitably tolled by the Court. *See Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The petitioner thus has sufficient time, the

3

full year of the limitations period, to seek collateral review of his unexhausted claims in the state courts, and then return to federal court on a perfected petition.

Second, while there is no indication that petitioner has engaged in "intentionally dilatory tactics," he neither alleges nor establishes good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in federal court. Even if appellate counsel was ineffective during the direct appeal process, petitioner offers no reason why he was unable to pursue all of his habeas issues on collateral review in the state courts before filing his federal petition. Third, based upon the current record, the Court cannot determine whether the petitioner's unexhausted claims are "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate. Accordingly,

IT IS ORDERED that the petition is dismissed without prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that petitioner may not proceed on appeal in forma pauperis.

Dated: July 11, 2018           s/Bernard A. Friedman
Detroit, Michigan           BERNARD A. FRIEDMAN
         SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2018.

         s/Johnetta M. Curry-Williams
         Case Manager